# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CV-223-GKF-FHM ) |
| WASHINGTON COUNTY; GEORGE JOHNSON; TIM COWAN; OWEN HARPER; and CARLOTTA GORDON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the "Motion for Entry of Default by Court Clerk" against Carlotta Gordon (Dkt. #9) of Delmer B. Garrett ("Garrett").

The events underlying this suit arose out of an action filed by Garrett against defendant Carlotta Gordon ("Gordon") in the District Court of Washington County, Oklahoma, Case No. CS-2009-925. In that case, the state court held that Garrett and Gordon each held, as tenants in common, a one-half undivided interest in a parcel of real property. The state court appointed three Commissioners – George Johnson, Owen Harper, and Tim Cowan (collectively, "Commissioners") – to appraise and partition the property. Garrett alleges in his Amended Complaint that the partition of the property was improper because of lack of jurisdiction and insufficient service of the order rendered in the state court case. Garrett alleges that the Commissioners, Gordon, and Washington County conspired against him.[1] Garrett further alleges that the defendants committed RICO violations, common law fraud, criminal trespass, and deprived him of his civil rights. Because

---

[1] This is one of three actions brought by Garrett challenging the result of the Washington County case. The others are 11-CV-168-GKF-TLW, and 11-CV-273-CVE-TLW (dismissed).

Garrett proceeds *pro se*, the court construes his pleadings liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citations omitted). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citations omitted). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citations omitted).

Plaintiff has not alleged that the parties are diverse, therefore the court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over Garrett's claims under 28 U.S.C. § 1331. Garrett's common law fraud and criminal trespass claims are both state law claims. Liberally construed, his complaint does not plead the necessary elements of a civil RICO claim, so that cannot be the basis for federal jurisdiction.

Garrett's final basis for federal jurisdiction, claims for constitutional violations by the Washington County Court and the Commissioners, is barred by the Rooker-Feldman doctrine. "Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review state court judgments." *Read v. Klein*, 1 Fed. App'x 866, 869 (10th Cir. 2001) (citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991) (holding that "[w]here a constitutional issue could have been reviewed on

direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983"); *Anderson v. State of Colorado*, 793 F.2d 262, 264 (10th Cir.1986)). "The losing party in a state court proceeding is generally barred 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id.* (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This principle is consistent with the statutory rule that review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court. 28 U.S.C. § 1257; *Read*, 1 Fed. App'x at 869. "The Rooker-Feldman doctrine bars not only direct review of state court judgments in federal court but also consideration of claims that are 'inextricably intertwined' with the state court judgment." *Read*, 1 Fed. App'x at 869 (citing *Facio*, 929 F.2d at 544 ).

Garrett begins his complaint: "[t]he Jurisdiction is in Washington County; they made the decision in Osage County. The case is in Washington County, not Osage County. They have no jurisdiction." This statement, though intended as an attack upon the validity of the partition of Garrett's property, quite adequately states why this court has no jurisdiction to hear this case. This dispute is a state court dispute, not a federal dispute. Garrett is challenging the actions of a state district court and the Commissioners it appointed to appraise and partition the property at issue. The allegations in this suit are inextricably intertwined with the state court case. The appropriate place to challenge the Washington County court's jurisdiction and sufficiency of service is by appeal through the state court system. A federal collateral challenge to the validity of the state court judgment and the inextricably intertwined partition is impermissible. Because the only plausible basis for federal jurisdiction in this case is barred by the Rooker-Feldman doctrine, this court has no

3

basis for subject matter jurisdiction.

A district court also has the authority to dismiss a claim *sua sponte* under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007); *McKinney v. State of Okla., Dept. Of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). Because the substance of this claim is barred by the Rooker-Feldman doctrine, it is patently obvious that this claim could not prevail in federal court.

IT IS THEREFORE ORDERED that plaintiff's claims are dismissed for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith. The "Motion for Entry of Default by Court Clerk" against Carlotta Gordon (Dkt. #9) is denied.

DATED this 17th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma